IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PATRICK DUNN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:14-cv-539-PWG |
| ) | |
| EAGLE HOLDINGS, LLC, ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

This is an action for declaratory and injunctive relief under Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 *et seq*. Plaintiff Patrick Dunn, through his counsel of record, seeks redress from Defendants Eagle Holdings, LLC, and S&S Eagles, LLC,[1] for architectural barrier violations of the ADA. The property at issue in this litigation is located in Prattville, Alabama, and does business as Liberty Gas Station and Bama Package Store (hereinafter "Liberty"). It is undisputed that Defendants own and operate Liberty. Plaintiff alleges that he is a person with a qualifying disability who travels to Prattville every two weeks to visit his child, and that he desires to visit Liberty in the future. (Doc. 1 at ¶ 3). Plaintiff

---

[1] On July 24, 2014, Defendant Auro Swamy was dismissed as a party to these proceedings. (Doc. 19).

1

asserts that he is disabled within the meaning of the ADA because he "requires a wheelchair for mobility[] as well as suffering other disabilities ...."[2] (Doc. 1 at ¶ 3). He avers that he is barred from patronizing Liberty because of "barriers" that deny him "full, safe and equal access because of [Defendants'] continuous refusal to remove the barriers."[3] (*Id.*).

The period for discovery and dispositive motions has expired, and the parties were unsuccessful in their attempts to settle their dispute through mediation. Before the court are the following motions: (1) Defendants' motion to dismiss or, in the alternative, motion for summary judgment[4] and for a hearing (Doc. 26); (2) Plaintiff's motion to strike pursuant to Fed. R. Civ. P. 26(a)(2) "Exhibit G"[5] to Defendants' motion to dismiss or, alternatively, for summary judgment (Doc. 32); (3) Plaintiff's

---

[2] It is undisputed that Plaintiff is paralyzed below his C-7 vertebra, and relies on a wheelchair for mobility. (Doc. 33 at p. 3 (citing Exhibit D thereto)). Defendants do not challenge that Plaintiff is a disabled individual under the ADA.

[3] Defendants assert a general denial to Plaintiff's claim in their Answer. (Doc. 6).

[4] In this motion, Defendants assert only that this action is due to be dismissed or judgment entered in Defendants' favor because Plaintiff's claim is moot. For the reasons discussed *infra*, the motion is construed as a motion to dismiss for lack of subject matter jurisdiction. *See Sheely v. MRI Radiology Network, P.A.*, 505 F.3d 1173 (11th Cir. 2007) (reiterating that a motion raising mootness is properly construed as a motion to dismiss for lack of subject matter jurisdiction and not as a motion for summary judgment pursuant to Fed. R. Civ. P. 56)).

[5] *See* Doc. 26-7. This exhibit was also filed as "Exhibit J" in opposition to Plaintiff's motion for summary judgment and can be found in the court's record at Docs. 39-10, 39-11 & 39-12. For clarity, the exhibit will be referred to as "Exhibit G."

motion for summary judgment (Doc. 33); and (4) Plaintiff's motion to strike expert testimony offered by Defendants and for leave to file a reply in opposition to "Defendant's Brief in Opposition to Plaintiff's Motion for Summary Judgment and Supplement to Defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment"[6] (Doc. 52). Plaintiff and Defendants also request an award of attorneys' fees and costs, but neither party has filed a motion to that end.

On January 29, 2015, with the written consent of the parties, this case was assigned to the undersigned to exercise jurisdiction over all matters pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. (Doc. 55). The aforementioned motions are deemed under submission on the record and without oral argument. Neither party contests Plaintiff's standing to bring this action, and the court finds sufficient allegations and evidence to support standing. Subject matter jurisdiction over this controversy, however, is in doubt.

## I. DISCUSSION

### A. Motions to Strike — Evidentiary Matters

Prior to proceeding to a discussion of the parties' motions, certain evidence of record must be properly cabined. Defendants submitted a limited report and a written form by an engineer purporting to address the condition of the Liberty property.

---

[6] *See* Doc. 39.

Those exhibits speak directly to the engineer's impressions about the property's compliance or lack thereof with the ADA.  Those submissions are referred to in Plaintiff's motions to strike as Exhibit G and the "ADA Checklist for Readily Achievable Barrier Removal,"[7] which Defendants filed in opposition to Plaintiff's motion for summary judgment. (Docs. 26-7, 39-10, 39-11 & 39-12).

Plaintiff moves to strike both exhibits as improper expert testimony.  The crux of Plaintiff's argument is that Defendants neglected to disclose the identity of the expert who prepared the documents in accordance with Federal Rule of Civil Procedure 26 and the court's scheduling order.  In a manner inconsistent with Defendants' reliance on those exhibits in support of its argument that all ADA barriers at Liberty are remedied, Defendants respond to Plaintiff's motions to strike by conceding that they are not offering the evidence as expert testimony or evidence under Rule 702, Federal Rules of Evidence.  (Doc. 53 at p. 3).

In Defendants' opposition to the motions to strike, Defendants expressly clarify that they offer Exhibit G to show only that an inspection of Liberty took place at Defendants' direction, "not for the information, opinions, or facts contained therein." (Doc. 53 at p. 3).  The ADA Checklist for Readily Achievable Barrier Removal is

---

[7] Defendants assert this form was prepared by an engineer but there is no indication on the exhibit itself of the identity of the person who created the document or the date it was completed nor is there any evidence of record to clarify those omissions.

offered as evidence of "facts relating to physical conditions" at Liberty with respect to certain measurements and physical conditions.[8] (Doc. 53 at pp. 4-7).

Defendants do not dispute that they did not timely disclose an expert in keeping with Fed. R. Civ. P. 26 and the scheduling order. Accordingly, and in light of Defendants' concession that they are not offering the evidence as expert testimony, Plaintiffs' motions to strike are due to be **GRANTED IN PART**. The exhibits at issue will not be admitted as expert testimony establishing that Defendants are in compliance with the ADA.

### B.   Defendants' Motion to Dismiss Due to Mootness

Defendants' motion seeks dismissal for lack of subject matter jurisdiction based on mootness. While the motion is brought as a motion for summary judgment in the alternative, the Eleventh Circuit has "repeatedly said that when a district court disposes of a case on justiciability (mootness) grounds we will treat the district court's determination as if it was ruling on a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), even if the district court mistakenly has labeled its ruling a grant of summary judgment." *Sheely v. MRI Radiology*

---

[8] Plaintiff submitted evidence in the form of an expert's report and Plaintiff's own affidavit that conditions at Liberty are not as Defendants' assert; specifically, Plaintiff challenges the "measurements and physical conditions" as evidenced by the ADA Checklist for Readily Achievable Barrier Removal" and Defendants' contention that all ADA barriers of which Plaintiff complains have been removed.

*Network, P.A.*, 505 F.3d 1173, 1182 (11th Cir. 2007). Therefore, Defendants' motion will be assessed under the framework for a Rule 12(b)(1) challenge to subject matter jurisdiction due to mootness.

This district recently set forth the appropriate standard of review for a Rule 12(b)(1) motion as follows:

> A Rule 12(b)(1) motion to dismiss may assert either a factual attack or a facial attack to jurisdiction. *McElmurray v. Consol. Gov't of Augusta–Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007); Fed.R.Civ.P. 12(b)(1). Facial attacks challenge subject matter jurisdiction based on the complaint's allegations. *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir.1990). On the other hand, a factual attack challenges "the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." *Id*.

*Professional Helicopter Pilots Ass'n Local 102 v. U.S. Dep't of the Army*, 2013 WL 6837555, at *4 (M.D. Ala. Dec. 26, 2013). This case presents a factual attack such that examination of evidence and matters outside the pleadings is appropriate.

The Eleventh Circuit's holding in *Sheely*, an ADA case on the issue of mootness, is binding and directly on point to Defendants' motion. In *Sheely*, a district court granted summary judgment on the basis that the defendant voluntarily ceased activities that were alleged to be in violation of the ADA. *See id.* at 1177. The district court held that the voluntary cessation rendered the action moot and, thus, deprived the court of subject matter jurisdiction. *Id.* at 1182. The Eleventh Circuit

reversed the district court's holding, and articulated the legal standard and burden of proof a defendant must navigate to succeed on a mootness challenge. *Id.* at 1177.

"Whether a case is moot is a question of law[.]" *Sheely*, 505 F.3d at 1182. A "case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief. If events that occur subsequent to the filing of a lawsuit ... deprive the court of the ability to give the plaintiff ... meaningful relief, then the case is moot and must be dismissed." *Id.* at 1183 (quoting *Troiano v. Supervisor of Elections in Palm Beach County, Fla.*, 382 F.3d 1276, 1281-82 (11th Cir. 2004)).

> However, "[t]he doctrine of *voluntary* cessation provides an important exception to the general rule that a case is mooted by the end of the offending behavior," [*Troiano*, 832 F.3d] at 1282 ... It is well settled that a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice. If it did, the courts would be compelled to leave the defendant free to return to his old ways. In accordance with this principle, the standard we have announced for determining whether a case has been mooted by the defendant's voluntary conduct is *stringent*: A case *might* become moot if subsequent events made it *absolutely clear* that the allegedly wrongful behavior *could not reasonably be expected to recur*.

*Sheely*, 505 F.3d at 1183-84 (quoting *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000)) (emphasis in original).

"The 'formidable,' 'heavy burden of persuading the court that the challenged conduct cannot reasonably be expected to start up again lies with the party asserting

mootness.'" *Id.* at 1184 (quoting *Laidlaw*, 528 U.S. at 189, 190). "A defendant's assertion that it has no intention of reinstating the challenged practice does not suffice to make a case moot and is but one of the factors to be considered in determining the appropriateness of granting an injunction against the now-discontinued acts." *Id.* (internal citations and marks omitted).

Defendants miss their heavy burden by a wide margin. In the motion to dismiss, Defendants assert and provide evidence that they employed a contractor to "remove the alleged architectural barriers"; however, Defendant explains that those barriers were not removed at the time of the filing of the motion and were not expected to be remediated for some months. (Doc. 26 at ¶¶ 22-24). Defendants have not met their basic burden under *Sheely* to show that the "challenged conduct cannot reasonably be expected to start up again" as they had not yet remedied the conduct that Plaintiff complains of at the time the motion was filed.[9] As it was absolutely clear that this action was not moot at the time the motion was brought, Defendants' motion to dismiss for lack of subject matter jurisdiction is due to be **DENIED**.

C.   **Plaintiff's Motion for Summary Judgment**

Plaintiff moves for summary judgment on his claim that Defendants have

---

[9] In a subsequent filing, Defendants' counsel contends that, as of December 30, 2014, the remediation efforts were completed. (Doc. 39 at p. 4). That issue will be addressed *infra*.

violated and continue to violate Title III of the ADA at Liberty. Plaintiff addresses the merits of his claim, seeks entry of summary judgment declaring Defendants in violation of the ADA, and requests the entry of an injunction to bring Liberty into compliance.

> Title III of the ADA provides that:
>
> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

42 U.S.C. § 12182(a). "Congress enacted the ADA in 1990 to remedy widespread discrimination against disabled individuals." *PGA Tour, Inc. v. Martin*, 531 U.S. 661, 674 (2001). The purpose of the ADA is, therefore, remedial and not punitive.

In light of Defendant's decision not to oppose the motion for summary judgment on its merits, Plaintiff's evidence in support of the motion, and Defendants' admissions and evidence of record that they have sought to remove architectural barriers at Liberty in an effort to provide Plaintiff all the relief he seeks in this litigation, there is quite probably not a dispute of material fact that Defendants were not in compliance with the ADA at the time Plaintiff filed this case or his motion for summary judgment. However, because Defendants' opposition to Plaintiff's motion for summary judgment challenges the subject matter jurisdiction of this court, the

9

merits of Plaintiff's motion are not reached herein.

Defendants only challenge to Plaintiff's motion for summary judgment is a repetition that this case is moot. Defendants assert that, as of December 30, 2014, they are satisfied that "all of the Plaintiff's alleged barriers to entry" have been remediated. (Doc. 39 at p. 4). According to Plaintiff, Defendants did not notify Plaintiff's counsel of the completion of remediation efforts until December 31, 2014. (Doc. 43). All discovery in this action was due to be completed that same day, and this matter was previously set for a final pretrial conference on January 23, 2015. The timing of Defendants' determination that Liberty is presently ADA compliant did not allow Plaintiff an opportunity to make an independent assessment of conditions at the property within the discovery deadline.[10]

The evidence Defendants rely upon in support of their assertion that they removed or repaired all barriers at Liberty is the aforementioned Exhibit G and ADA Checklist, which are limited to providing measurements and photographs purporting to represent conditions at Liberty, and an affidavit from the store manager at Liberty. Plaintiff notes that the ADA Checklist and photographs are inconsistent with his

---

[10] The undersigned previously denied Plaintiff's motion for additional discovery out of time to inspect Liberty for the purpose of identifying and assessing Defendants' remedial efforts. (Docs. 43 & 45). At that time, this case was set for a final pretrial conference and trial before U.S. District Judge Myron H. Thompson, who was then the presiding judge. Because of the parties' consent to magistrate judge jurisdiction, the court is no longer bound by the district judge's settings and can revisit scheduling and discovery issues.

evidence of record, which includes Plaintiff's expert's opinions and Plaintiff's affidavit that ADA violations at Liberty have not been remediated.

Despite the disputed evidence and the court's reservations that Defendants can meet their high burden to show mootness on the record at this juncture, because subject matter jurisdiction is a threshold matter, the court must first assure itself of jurisdiction before reaching the merits of the Plaintiff's claim. *See Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005); *Univ. of S. Ala. v. The Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). Moreover, as the purpose of the ADA is remedial and the presumed goal of this case is to bring Liberty into compliance with the ADA, the proper course of action is to defer ruling on Plaintiff's motion for summary judgment to allow an assessment of the present conditions at Liberty. This course of action is necessary so that the court can satisfy itself of subject matter jurisdiction over this controversy before reaching the merits. To that end, discovery will be reopened for the limited purpose of gathering evidence on the issue of mootness.

## II.   CONCLUSION AND ORDER

Consistent with the foregoing, it is **ORDERED** as follows:

(1)    Plaintiff's motions to strike (Docs. 32 & 52) are **GRANTED** to the extent that the exhibits will not be permitted as expert testimony or for any other

purpose than that discussed *supra*.

(2) To the extent that Plaintiff's second motion to strike (Doc. 52) requests leave of court to file a reply brief in support of his motion for summary judgment, that request is **MOOT** as Plaintiff subsequently filed such a brief.

(3) Defendants' motion to dismiss or, in the alternative, motion for summary judgment (Doc. 26) and motion for a hearing (Doc. 27) are **DENIED**.

(4) The court **DEFERS** ruling on Plaintiff's motion for summary judgment (Doc. 33) until subject matter jurisdiction over this action can be assured.

(5) The Plaintiff's and Defendants' requests for an award of prevailing party's attorney's fees and costs are premature. The parties are **ORDERED** to refrain from filing a motion for attorney's fees under the theory that the party is a prevailing party until final judgment has been entered by the court.[11]

(6) Defendants' request for attorney's fees and costs based on allegations of bad faith by Plaintiff's counsel are not properly before the court in that they have not

---

[11] Based on the pleadings, motions, and briefs in this case, the parties are seemingly operating under the misapprehension that whichever party is the prevailing party in this litigation is *entitled* to an award of attorney's fees and costs. That is not so. *See* 42 U.S.C. § 12205 ("[T]he court ..., in its discretion, *may* allow the prevailing party ... a reasonable attorney's fee, including litigation expenses, and costs") (emphasis added); *Buckhannon Bd. and Care Home, Inc. v. West Virginia Dept. of Health and Human Resources*, 532 U.S. 598, 610 (2001), *superseded in part by statute*, OPEN Government Act of 2007, Pub.L. No. 110–175, 121 Stat. 2524 (2007) (codified at 5 U.S.C. § 552(a)(4)(E)) (amending the fee-shifting provision of the Freedom of Information Act but not the ADA).

been submitted in the form of a separate motion, but are embedded in the body of briefing related to the motion to dismiss and motion for summary judgment.[12]  As such, the request will not be considered.

(7)    Consistent with the court's inherent authority to control the pretrial management of litigation in accordance with Fed. R. Civ. P. 16 and on consideration of the material issues presented in this case and Defendants' renewed challenge to the

---

[12] Defendants' argument that the Plaintiff in this case is nothing more than an instrument for Plaintiff's counsel to generate attorney's fees not novel.  A court that previously examined a similar accusation by a defendant in a Title III ADA case made the following observation:

> The Court is not persuaded by Defendant's assertion that Plaintiff, by filing multiple lawsuits, is "pervert[ing]" the ADA and is a "pawn" for the generation of attorney's fees .... Instead, the Court notes that filing suit to remedy architectural barriers constitutes a "legal recourse to redress [ ]discrimination" and allows the disabled to "fully participate in all aspects of society" 42 U.S.C. § 12101(a)(1) and (4). Furthermore, the ADA authorizes a court, in its discretion, to "allow the prevailing party, other than the United States, a reasonable attorney's fee ..." 42 U.S.C. § 12205 (emphasis added). Should Plaintiff prevail, Defendant is not prevented from arguing that Plaintiff should not recover attorney's fees.

*Segal v. Rickey's Restaurant and Lounge, Inc.*, 2012 WL 2393769 at *7 n.7 (S.D. Fla. June 25, 2012) (bracketed text in original).  This court is likewise not persuaded for the same reasons.  Moreover, Defendants' contention that, after Defendants' counsel informed Plaintiff's counsel that any ADA violations at Liberty were going to be remedied at some point in the future, Plaintiff's counsel should have halted all prosecution of his client's claim in this lawsuit and committed a sanctionable offense by not doing so, is contrary to the litigation process in general and the scheduling order issued in this case.  Plaintiff was bound by a court order to gather evidence and prosecute his claim within set deadlines.  Defendants did not move to stay this litigation or otherwise seek court intervention to minimize their exposure to the continued costs and requirements of active lawsuit on the basis that they recognized potential ADA violations at Liberty and planned to make repairs.  Plaintiff's counsel was bound by the scheduling order in this case to prosecute his client's claim within the deadlines set by the court.  An attorney who abandons the prosecution of a civil action without a settlement agreement in place, a judgment in the client's favor, or a court imposed stay would do himself and his client a disservice.

court's subject matter jurisdiction, a short period of limited discovery to ascertain the effects of Defendants' ADA remediation efforts at Liberty is appropriate and necessary. Such discovery, in addition to assuring the court's subject matter jurisdiction, may very well limit the matters in dispute between the parties or could lead to the resolution of this case altogether. Plaintiff and his retained expert are granted leave to inspect Liberty by **March 16, 2015**, for the purpose of determining what, if any, ADA violations remain at issue in this litigation in light of Defendants' counsels' representations that the property is ADA compliant and that all relief requested by Plaintiff has been satisfied. Defendants shall attend the inspection, and shall make the subject property available at a time mutually convenient and agreeable to the parties, Plaintiff's counsel, and counsel of record. If the parties cannot agree on a date and time for the inspection, the parties are **ORDERED** to inspect Liberty at **10:00 a.m. on March 16, 2015**.

(8)     The parties are **ORDERED** to confer face-to-face and to file a joint status report, by **March 30, 2015**, setting forth their areas of agreement, if any, regarding the ADA compliance status of Liberty as it relates to Plaintiff's Title III ADA claim and his requests for injunctive relief. Where the parties disagree, they shall set forth, in separate sections, their points of disagreement and the factual and legal basis of that party's position. The parties shall also state whether they believe

further mediation efforts will assist them to resolve any remaining issues presented in this litigation. If a party wishes to submit additional briefing on the issue of mootness, the party must file a motion seeking leave from the court to submit such a brief.

After the joint status report is filed, the court will issue a separate order on the issue of subject matter jurisdiction.

**DONE** and **ORDERED** this 23rd day of February, 2015.

/s/ Paul W. Greene  
United States Magistrate Judge
