IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PATRICK DUNN, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>EAGLE HOLDINGS, LLC, )<br>*et al.*, )<br>)<br>    Defendants. ) | Case No. 2:14-cv-539-PWG |

## **MEMORANDUM OPINION AND ORDER**

As discussed more fully in the Memorandum Opinion and Order entered on February 23, 2015 (Doc. 62), this matter is before the court on Plaintiff's motion for summary judgment. (Doc. 33). Defendants do not oppose the motion on its merits; rather, Defendants argue that they remediated all ADA barriers alleged in Plaintiff's Complaint at the subject property,[1] and, as a result, this lawsuit is moot. Mootness implicates the court's subject matter jurisdiction over this dispute. *See*, *e.g.*, *Sheely*

---

[1] One issue that the parties indirectly raise through various legal arguments is whether the subject property qualifies as "new" construction or if it predates the enactment of the ADA. For example, one of Defendants' newest arguments is that some of Plaintiff's requests for relief are not "readily achievable." The readily achievable standard is implicated only if the subject property was constructed or not substantially altered before the enactment date of the ADA. *See Norkunas v. Seahorse NB, LLC*, No. 3:09-cv-934-J-32MCR, 2011 WL 1988799, at *1 (M.D. Fla. May 23, 2011) (setting out the differing standards for properties constructed before and after enactment of the ADA). That issue is a mixed question of fact and law that will be resolved at trial.

*v. MRI Radiology Network, P.A.*, 505 F.3d 1173, 1182 (11th Cir. 2007). Plaintiff disputes that Defendants remediated the subject property. However, at the time the court deemed the motion for summary judgment as being under submission, there was insufficient evidence of record to inform on the present condition of the subject property, which is material to mootness. (Doc. 62).

Despite the court's reservations that Defendants could demonstrate mootness, the parties were directed to conduct limited discovery to determine the condition of the subject property. (Doc. 62 at pp. 9-10). Plaintiff's expert examined the subject property and the parties filed status reports.[2] Plaintiff's expert authored a supplemental report that details his opinion that the subject property is not ADA compliant, specifically as to Plaintiff's claims asserted in the Complaint. (Docs. 74 & 74-1). According to Plaintiff's status report, five areas of injunctive relief set out in the Complaint are moot. (Doc. 74). Twelve of Plaintiff's requests for injunctive relief remain at issue as do the questions of whether Defendants were in violation of the ADA at the time the Complaint was filed and whether Defendants remain in violation of the ADA. (Docs. 74 & 74-1).

---

[2] The parties were ordered to file a joint status report wherein they set out their areas of agreement and disagreement. (Doc. 62). The order was clear and uncomplicated. The parties, instead, filed two separate status reports: the Plaintiff's status report at Doc. 74 in the court's record and Defendants' status report and exhibits as a consolidated exhibit to Plaintiff's status report at Doc. 74-4. This is not the first time the parties have not followed the court's straightforward directives.

Defendants continue to argue that they remediated "any possible" ADA violations at the subject property as well as "all" of Plaintiff's alleged barriers. (Doc. 39 at p. 4; Doc. 74-4). In support of their position that the subject property is fully compliant with the ADA, Defendants represent that they obtained an "inspection from the City of Prattville, Building Department ... on March 16, 2015 and on that same day [the inspector] provided a letter stating that no violations were found." (Doc. 74-4 at p. 1 and Exhibit A thereto).[3] Presumably, Defendants offer this as evidence that the subject property was ADA compliant on March 16, 2015. Because Defendants represent that the subject property is ADA compliant and Plaintiff presents evidence that it is not, there is a genuine dispute of material fact as to both the question of ADA compliance and Plaintiff's specific petitions for injunctive relief to cure the alleged non-compliance. Plaintiff's motion for summary judgment is, therefore, due to be denied.

Also, Defendants failed to meet their high burden to show that this case is moot; therefore, the court retains subject matter jurisdiction. *See Sheely*, 505 F.3d at 1182-84; *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir.

---

[3] No finding is made regarding the admissibility of the building inspector's findings, and, for purposes of ruling on Plaintiff's motion for summary judgment, the court assumes without deciding that the inspector's letter or findings are reducible to an admissible form at trial. The inspection and letter were obtained outside the period allotted for discovery by the Uniform Scheduling Order and without leave of court.

2005);  *Univ. of S. Ala. v. The Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

Accordingly, it is **ORDERED** that Plaintiff's motion for summary judgment (Doc. 33) is **DENIED**.

This matter will be set for a final pretrial hearing by a separate order.

**DONE** and **ORDERED** this 4th day of June, 2015.

      /s/ Paul W. Greene
United States Magistrate Judge